# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 17, 2021

Lyle W. Cayce
Clerk

No. 20-60384
Summary Calendar

Reyna Del Carmen Soriano-Benavides; Oscar Ernesto Landaverde-Soriano; Henry Mauricio Landaverde-Soriano,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 894 943
BIA No. A206 894 944
BIA No. A206 894 945

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60384

Reyna Del Carmen Soriano-Benavides, a native and citizen of El Salvador, petitions us for review of a decision of the BIA, on behalf of herself and her two sons. Soriano-Benavides applied for asylum, withholding, and relief under the Convention Against Torture and testified that her family feared harm from gang threats and extortion. The Immigration Judge found that she was not credible and that she did not submit reasonably available corroborating evidence. Alternatively, the Immigration Judge held that the claims failed on the merits. The Board of Immigration Appeals affirmed the findings of the Immigration Judge, but declined to address the credibility finding.

Soriano-Benavides argues that the Board assumed that corroborating evidence was reasonably available. She also argues that the focus on corroboration was inappropriate and that the Board should have addressed the adverse credibility finding. Finally, she argues that she has proven the elements of her asylum claim.

We review decisions of the Board with substantial deference, upholding decisions that are substantially reasonable. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Under this standard, reversal is improper unless the evidence compels a contrary conclusion. *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996).

We hold that Soriano-Benavides failed to provide sufficient corroborating evidence. The law of this circuit is that applicants have the burden of introducing sufficient corroborating evidence, without receiving requests from the Immigration Judge. *Rui Yang v. Holder*, 664 F.3d 580, 586 (5th Cir. 2011). Soriano-Benavides offers no argument that she could not have submitted corroborating evidence. Analysis of the credibility finding is unnecessary because lack of corroborating evidence is dispositive. *Avelar-Oliva v. Barr*, 954 F.3d 757, 769–72 (5th Cir. 2020). Similarly, analysis of the

No. 20-60384

merits of Soriano-Benavides' claims for relief is unnecessary to resolve this case.  *See INS v. Bagamasbad*, 429 U.S. 24, 25–26 (1976).

DENIED.